831 F.2d 294
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Goanna M. DROMBETTA, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 86-3655.
 United States Court of Appeals, Sixth Circuit.
 Oct. 21, 1987.
 
 Before LIVELY, Chief Judge, and MILBURN, and RYAN, Circuit Judges.
 RYAN, Circuit Judge.
 
 
 1
 Appellant Drombetta appeals from the district court's judgment that her widow's insurance benefits, paid under the Social Security Act, are required to be reduced under the Act to reflect her receipt of a government pension.
 
 
 2
 Appellant claims she meets a dependency exception to the reduction provision because she was receiving one-half of her support from her deceased insured husband at the time of his death. The so-called pooled-fund method, which creates a rebuttable presumption that members of a household pool income and are equally supported by the household income, was used in the proceedings below to determine one-half support. Appellant objects to the use of this method. This method comports with the Social Security Regulations defining one-half support and no attempt to rebut the presumption was made. Therefore, we affirm the district court's decision in favor of appellee Secretary of Health and Human Services.
 
 
 3
 The appellant applied for widow's insurance benefits on March 30, 1983. These benefits were available to the appellant on behalf of her insured husband who died on August 22, 1971. Appellant was eligible to retire on June 30, 1983, and became eligible for her government pension when she retired in October 1983. Pursuant to Social Security statutory provisions and regulations, appellant widow's insurance benefits were found to be subject to reduction because she was also receiving a government pension. A hearing de novo was held before an Administrative Law Judge (ALJ), and appellant's claim that no reduction is warranted was denied in the ALJ's April 29, 1985 decision. The Appeals Council for the Department of Health and Human Services denied appellant's request for review thus adopting the ALJ's decision as that of the Secretary of HHS. The appellant appealed to the United States District Court for the Northern District of Ohio. The case was referred to a United States Magistrate who recommended judgment for appellee. The district court adopted the magistrate's findings and ordered judgment in favor of the Secretary.
 
 II.
 
 4
 Throughout the proceedings appellant has maintained that she falls within an exception to the reduction provision. To qualify for this exception she must have been receiving one-half of her support from the deceased insured at the time of his death. The recipient's earnings and the insured's earnings for the twelve-month period ending with June 1971 were used to make this determination in the lower proceedings.
 
 
 5
 Since the amount of the insured's earnings for this period was unclear, three sets of figures were analyzed. The first set was based on the appellant's testimony at the de novo evidentiary hearing that her earnings for the relevant period were $4,200.00, and her husband's $8,700.00. The second and third sets were based on appellant's documented earnings of $5,594.40 and the established 1971 earnings of her husband of $5,711.71. Added to these earnings were her husband's assumed earnings for seven months of 1970. This figure was derived from the decedent's reported 1970 yearly earnings of $9,163.07. The second set of figures treated the decedent's 1970 earnings as being earned in twelve months, while the third set treated the figure as that for ten months earnings based on appellant's assertion that her husband did not work two months in 1970.
 
 
 6
 The three sets of figures were analyzed under the pooled-fund method and it was determined that, in any event, the appellant did not meet the one-half support test. This method creates a rebuttable presumption that all earnings are pooled and used for support of each family member equally. Appellant Drombetta contends that the pooled-fund method should not have been used to determine half-support.
 
 III.
 
 7
 The Social Security Act specifies the persons who are entitled to widow's insurance benefits, 42 U.S.C. Sec. 402(e)(1), and requires reduction of those benefits if the recipient is also receiving a government pension. 42 U.S.C. Sec. 402(e)(7). A regulation of the Social Security Administration further states that this reduction must be made unless the recipient meets one of the delineated exceptions. 20 C.F.R. Sec. 404.408a(a). The relevant exception states that the reduction does not apply:
 
 
 8
 If you were receiving or were eligible (as defined in paragraph (b)(2) of this section) to receive a Government pension for one or more months before July 1983, and you meet the dependency test of one-half support that was applied to claimants for husband's or widower's benefits in 1977, even though you don't actually claim benefits, and you don't actually meet the requirement for receiving benefits until a later month.
 
 
 9
 20 C.F.R. Sec. 404.408a(b)(3).
 
 
 10
 For the purpose of this exception "one-half support" is as defined in 20 C.F.R. Sec. 404.366, and must be met at one of the specified times. 20 C.F.R. Sec. 404.408a(c). The relevant time period in this case was at the time of the insured's death in 1971.
 
 
 11
 The regulation defining "one-half support" provides:
 
 
 12
 The insured provides one-half of your support if he or she makes regular contributions for your support and the amount exceeds one-half of your ordinary living costs. Ordinary living costs are the costs for your food, shelter, routine medical care, and similar necessities. A contribution may be in cash, goods or services. The insured is not providing at least one-half of your support unless he or she has done so for a reasonable period of time to be the 12-month period immediately preceding the time when the half-support requirement must be met....
 
 
 13
 20 C.F.R. Sec. 404.366(b).
 
 
 14
 The pooled-fund method was used to determine if one-half of appellant's support was provided by her husband at the time of his death. This method creates a rebuttable presumption that all income coming into a household is pooled for the support of the household and that each member of the household shares equally in the funds used for support. Social Security Administration Program Operations Manual System (POMS) RS 01301.200B, RS 01301.220. This presumption is rebutted by evidence that the household income was not pooled or evidence indicating that all income for support was not shared equally. Id. Appellant has not introduced evidence tending to rebut this presumption but challenges the use of pooled-fund method.
 
 
 15
 In application, the income of the household members, appellant and her husband, was added together to compute the household income. The household income was divided by the number of household members, two in this case, to determine the amount for support of each member. To determine half-support appellant's support amount was divided by two. POMS 01301.220, 01301.190. The half-support test would have been met if appellant's half-support amount had been greater than her own earnings. Under each set of figures analyzed the appellant did not meet the one-half support test because her husband was only providing approximately one-third of her support.
 
 IV.
 
 16
 The Secretary of Health and Human Services' interpretation of that agency's regulations should be upheld if it is not arbitrary and capricious. Bedford County General Hospital v. Heckler, 757 F.2d 87, 89 (6th Cir.1985). The findings of fact of the Secretary are conclusive if supported by substantial evidence. 42 U.S.C. Sec. 405(g); Houston v. Secretary of Health and Human Services, 736 F.2d 365, 366 (6th Cir.1984).
 
 
 17
 Appellant does not challenge the findings of fact, but instead challenges the Secretary's interpretation of the regulation. Appellant asserts that the pooled-fund method should not have been used to determine whether she met the one-half support test. Since appellant has not attempted to rebut the presumption of pooled income or challenged the validity of the regulation, it is assumed that she is challenging whether the use of the pooled-fund method is consistent with the regulation defining one-half support.
 
 
 18
 The pooled-fund method is contained in the Social Security Administration Program Operation Manual System, a policy and procedure manual used by Health and Human Services employees to evaluate claims. Evelyn v. Schweiker, 685 F.2d 351, 352 n. 5 (9th Cir.1982). As such, it can be considered the Secretary's interpretation of the regulation defining "one-half support." Thus, the pooled-fund method is subject to scrutiny under the "arbitrary and capricious" standard of review. Bedford County General Hospital v. Heckler, 757 F.2d 87, 89 (6th Cir.1985). "Arbitrary and capricious" has been defined with respect to administrative agency rules as follows:
 
 
 19
 Normally an agency rule would be arbitrary and capricious if the agency relied on factors which Congress had not intended to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise.
 
 
 20
 Id. (quoting, Motor Vehicles Manufacturer's Ass'n v. State Farm, 463 U.S. 29 (1983)).
 
 
 21
 There is no evidence that the use of the pooled-fund method was arbitrary and capricious. It fairly comports with the language of the regulation defining one-half support. The method is based on the factors Congress would expect the agency to consider in determining one-half support--the comparative earnings of the household members and the support costs of each. This formula makes the reasonable presumption that household members ordinarily share income and derive equal support from the household income. The presumption is rebuttable, thus affording persons in different situations the opportunity to present other evidence for use in the determination of one-half support.
 
 
 22
 Additionally, the appellant asserts the pooled-fund method was not intended to be used in husband and wife situations. The definition to be used for one-half support is clearly designated by the regulation to be the same in husband and wife situations as in parent and child situations. 20 C.F.R. Sec. 404.408a(c). Logically, the presumption of shared income and support is just as valid in both types of situations.
 
 
 23
 Therefore, the use of the pooled-fund method was proper and the determination that the appellant's husband did not provide at least one-half of her support was correct. Thus, the appellant's widow's insurance benefits are subject to the statutory reduction to reflect her receipt of a government pension.
 
 
 24
 Accordingly, we AFFIRM.