24 F.Supp.2d 998 (1998)
Raymond A. HEBERER, Plaintiff,
v.
Kenneth S. APFEL, Commissioner of Social Security, Defendant.
No. 4:97CV1675 CDP.
United States District Court, E.D. Missouri, Eastern Division.
September 16, 1998.
*999 Frank J. Niesen, Jr., Niesen Law Office, St. Louis, MO, for Plaintiff.
Henry J. Fredericks, Asst. U.S. Atty., Jane Rund, Office of U.S. Attorney, St. Louis, MO, for Defendant.

MEMORANDUM AND ORDER
PERRY, District Judge.
This is an action under 42 U.S.C. § 405(g) for judicial review of the defendant's final decision that the Social Security Administration ("SSA") properly reduced plaintiff's Husband's Insurance Benefits and Widower's Insurance Benefits, and that plaintiff received an overpayment of $1,921. Both parties have moved for summary judgment. For the reasons set forth below, the Court will grant defendant's motion, and will deny plaintiff's motion.

I. Factual Background

Plaintiff, a resident of Maplewood, Missouri, was born on May 5, 1927. Plaintiff is a former chief of the Maplewood Police Department, and retired from that position in 1979.
Plaintiff's wife, Pansy Heberer, filed an application for disability insurance benefits in September 1993; and her entitlement to those benefits became effective in March 1994. In February 1994, plaintiff filed for husband's insurance benefits, and his entitlement to those benefits also became effective in March 1994.
Pansy Heberer died in August 1994, and on September 16, 1994, the SSA informed plaintiff that he was entitled to a monthly widower's benefit of $542.00 beginning August 1994, in addition to the monthly benefit based on his own earnings record.
On December 10, 1994, the SSA notified plaintiff that it had miscalculated his benefits. The SSA explained that it was required to reduce a husband's or widower's benefit by two-thirds of the amount of any government pension received by him. It explained further that, as a result of that rule, plaintiff was entitled to no widower's benefit because his $542.00 benefit was less than two-thirds the amount of his pension. Because of the miscalculation, the SSA told plaintiff that it had actually paid him $1,991 more than he was due (i.e., the sum total of all the husband's and widower's benefits that he had received to date).
In December 1994, plaintiff, through counsel filed a request for reconsideration. On April 24, 1995, the SSA advised plaintiff that it had found its decision denying him benefits to be correct.
On June 7, 1995, plaintiff's counsel requested a hearing before an administrative law judge. That hearing was held on March 21, 1996, before Administrative Law Judge Myron D. Mills ("the ALJ"). At the hearing, plaintiff testified concerning his wife's employment and income. He stated that until six months prior to her death, his wife had worked as plant superintendent at Lowell Manufacturing Company, at an annual salary of "somewhere between" $25,000 and $30,000. Plaintiff testified that he himself drew an annual pension of approximately $10,900 as a result of his employment with the Maplewood police. Plaintiff testified that in addition to his pension and his wife's income, the couple earned approximately $5,000 a year in interest income from certificates of deposit. Plaintiff stated that he had not worked following his retirement, except for a five or six month period in 1989 when he was employed as a hotel security guard.
Although plaintiff testified at the hearing that he was dependent on his wife for at least half of his expenses, he did not offer any documentation to support that testimony. Accordingly, the ALJ requested that plaintiff's counsel prepare and submit a form documenting plaintiff's expenses.
On April 15, 1996, plaintiff's counsel wrote the ALJ and enclosed a "Statement of Income and Expenses of Pansy and Raymond Heberer for 1993," which was sworn to by plaintiff. The statement reported a total average monthly income of $2,262.56, and stated that plaintiff's wife received "gross wage *1000 or salary and commissions" of $1,308.25 on a per-month basis. The statement also indicated that the couple's total average monthly expenses were $2,844.42.
The ALJ did not receive plaintiff's April 15, submission, and on April 25, 1996, issued his decision denying plaintiff's claim. The ALJ noted that there was "no evidence in the record," such as 1099-R forms, to substantiate plaintiff's testimony concerning his late wife's income. The ALJ also noted that plaintiff had acknowledged at the time his wife became entitled to disability benefits, that he was not dependent on his wife for half of his support. Finally, the ALJ stated that he had not received information that he had requested of plaintiff's counsel concerning plaintiff's ordinary living expenses.[1]
In his decision, the ALJ made the following findings:
(1) Plaintiff resigned from the police force in 1979, and was receiving government pension benefits of approximately $915.90 per month. That pension resulted from employment not covered by Social Security on the last day of plaintiff's employment.
(2) Two-thirds of plaintiff's pension amount was $610.60, an amount that exceeded his husband's and widower's insurance benefits effective March 1994, and September 1994, as reduced by his primary insurance amount.
(3) Plaintiff was not receiving one-half support at the time his wife died, at the time she became entitled to disability insurance benefits, or at the time her disability began.
(4) No other exception as set forth under 20 CFR 404.408a was applicable.
(5) Plaintiff received an overpayment of $1,921.00.
Plaintiff requested review of the ALJ's decision by the Appeals Council. In denying the request, the Appeals Council stated that it had considered the "Statement of Income and Expenses of Pansy and Raymond Heberer for 1993." With regard to that statement, the Appeals Council found the following:
The statement indicates that you and the wage earner had total net monthly income during 1993 of $2,262.56, and yearly net income of $27,150.72. Dividing the $27,150.72 by the two members of your household results in a figure of $13,575.36 as representing full support for each member. One half this figure is $6,787.68, which is the amount representing one-half each family member's support. Because your own income of $11,954.04 for the year exceeded the one-half support figure, the statement does not form a basis for changing the Administrative Law Judge's finding that you did not receive at least one-half of your support [from] the wage earner.
Because the Appeals Council denied plaintiff's request for review, the ALJ's decision represents the Commissioner's final determination. On August 12, 1997, plaintiff filed his complaint in this action.

II. Discussion

The Court's review of the Commissioner's decision to deny benefits is limited to a determination of whether the decision is supported by substantial evidence on the record as a whole. Porch v. Chater, 115 F.3d 567, 571 (8th Cir.1997); Neely v. Shalala, 997 F.2d 437, 439 (8th Cir.1993). Substantial evidence is evidence which reasonable minds would accept as true and adequate to support the Commissioner's conclusion. Lawrence v. Chater, 107 F.3d 674, 676 (8th Cir.1997); Williams v. Sullivan, 960 F.2d 86, 89 (8th Cir.1992). The Court will not reverse a decision simply because substantial evidence may support the opposite conclusion. Johnson v. Chater, 87 F.3d 1015, 1017 (8th Cir.1996); Onstead v. Sullivan, 962 F.2d 803, 804 (8th Cir.1992). As part of the Court's analysis, the Court "must take into account that evidence in the record which `fairly detracts from the weight of the evidence supporting the ALJ's decision' and apply a balancing test to all of the evidence." Loving v. Department of Health & Human Servs., 16 F.3d 967, 969 (8th Cir.1994); see Johnson, 87 F.3d at 1017. The ALJ's findings of fact should be reversed "only if `a reasonable *1001 factfinder would have to conclude' otherwise." Warren v. Shalala, 29 F.3d 1287, 1290 (8th Cir.1994) (quoting INS v. Elias-Zacarias, 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992)).
In support of reversal, plaintiff claims that both the ALJ and the Appeals Council found his testimony not credible, but did not cite any support for those findings. The Court agrees with defendant that no such findings were made. Even if they had been made, plaintiff's argument is inapposite given the nature of this action. Central to the typical case involving Social Security benefits is the ALJ's determination of whether a given claimant is disabled. That determination often necessitates the ALJ's evaluation of the claimant's subjective complaints of disabling pain. In the context of such a case, the ALJ must make express credibility determinations and set forth the inconsistencies in the record which cause him to reject plaintiff's complaints. See Jeffery v. Secretary of Health & Human Servs., 849 F.2d 1129, 1132 (8th Cir.1988). However, plaintiff's is not the typical case. The inquiry hereascertaining the extent of plaintiff's dependence on his late wife's earningis entirely objective. Furthermore, it is one for which the burden of proof falls more naturally on plaintiff, who is obviously in a better position to supply information concerning his late wife's income and his own expenses than is the Commissioner.
The ALJ specifically found that plaintiff had offered no documentary evidence, such as tax forms or earnings statements, to support his testimony concerning his late wife's income. The ALJ further found that plaintiff had also failed to include in the record any written proof of the extent to which plaintiff had depended on his wife for support. Although plaintiff did submit a statement of income and expenses for 1993, that document served only to undercut his testimony  as the Appeals Council properly found.
Subject to various exceptions, 20 C.F.R. § 404.408a(a) provides that the monthly Social Security benefits of a wife, husband, widow, widower, mother or father will be reduced each month that he or she is receiving a monthly pension from a federal, state, or local government agency ("government pension") for which he or she was employed in work not covered by Social Security on the last day of such employment. Section 404.408a(b) contains the exceptions to § 404.408a(a)'s general rule. The exceptions cover, inter alia, individuals who received a government pension for one or more months in the period December 1977, through November 1982, and meet the requirements for Social Security benefits that applied in January 1977. 20 C.F.R. § 404.408(b)(2). The requirements that applied in January 1977 were, for a man, a one-half support test: the insured person must have provided at least one-half of the claimant's ordinary living costs (defined in § 404.366(b) as "costs for [the claimant's] food, shelter, routine medical care, and similar necessities") at one of the times specified in § 404.408a(c).
In making its determination that plaintiff's wife did not provide at least half of plaintiff's support in 1993, the Appeals Council utilized the "pooled fund" method, an approach premised on a presumption "that all income coming into a household is pooled for the support of the household and that each member of the household shares equally in the funds used for support." Drombetta v. Secretary of Health & Human Servs., 845 F.2d 607, 609 (6th Cir.1987). Although plaintiff suggests that the "pooled fund" approach does not comport with a liberal construction of the Social Security Act, the Court observes that its use has been explicitly upheld by two courts of appeals, see Jepson v. U.S. Department of Health & Human Servs., 977 F.2d 911, 915 (4th Cir.1992); Drombetta, 845 F.2d at 610, and gone unquestioned by a third. See Batista v. Sullivan, 882 F.2d 1480 (9th Cir.1989). The Court sees no reason to second-guess those decisions here.
Plaintiff also claims that a statement that appears in the ALJ's decision lacks any evidentiary foundation. The statement is: "It is noted that the claimant stated that at the time his spouse became entitled to Disability Insurance Benefits, he was not receiving one-half support." While the Court, like plaintiff, was unable to locate such a statement in the record,[2] it concludes that the *1002 remaining record comfortably supports the ALJ's decision. Cf. Reynolds v. Chater, 82 F.3d 254, 258 (8th Cir.1996) (holding that ALJ's failure to specifically outline his reasons for rejecting testimony of disability insurance claimant's wife did not require reversal where the ALJ's conclusion that claimant was not entitled to benefits was supported by substantial evidence); Lubinski v. Sullivan, 952 F.2d 214, 216 (8th Cir.1991) (stating that an ALJ's failure to acknowledge that the government bears the burden of proving that an individual with multiple impairments is still capable of performing some work would be error "unless the evidence is strong enough to support the outcome despite the lapse").
Accordingly,
IT IS HEREBY ORDERED that defendant's motion for summary judgment [# 3] is granted, and plaintiff's motion for summary judgment [# 12] is denied.
A separate judgment in accordance with this memorandum and order is entered this same date.

JUDGMENT
Pursuant to the memorandum and order entered this same date,
IT IS HEREBY ORDERED, ADJUDGED and DECREED that summary judgment is entered in favor of defendant and against plaintiff on plaintiff's complaint.
NOTES
[1] On April 30, 1996, plaintiff's counsel wrote to the ALJ, and advised him of the existence of the April 15, submission.
[2] The record at p. 43 contains a Social Security Administration computer printout which purports to record plaintiff's answers to a form. The actual form plaintiff filled out is not part of the record. The Court places no weight on this record.