Shirley J. DILLARD, Plaintiff,

v.

Larry G. MASSANARI, Commissioner of Social Security Administration, Defendant.

No. Civ.A. 01–30019–MAP.

United States District Court, D. Massachusetts.

March 15, 2002.

Mitchell L. Greenwald, Katz, Murphy & Greenwald, Pittsfield, MA, for plaintiff.

Karen L. Goodwin, United States Attorney's Office, Springfield, MA, for defendant.

## MEMORANDUM AND ORDER REGARDING REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION TO REVERSE AND DEFENDANT'S MOTION TO AFFIRM COMMISSIONER(Docket No. 18)

PONSOR, District Judge.

In this case the plaintiff seeks judicial review of the final decision of the defendant, the Commissioner of the Social Security Administration, pursuant to 42 U.S.C. § 405(g). The decision being challenged concerns the applicability of a Government pension offset to widow's insurance benefits for which the plaintiff would otherwise be qualified. The defendant applied the offset in a manner which eliminated plaintiff's widow's insurance benefits.

The plaintiff filed a Motion for Relief From the Decision of the Commissioner (Docket No. 12) and then the defendant filed a Motion to Affirm the decision (Docket No. 14). Both motions were referred to Magistrate Judge Kenneth P. Neiman for Report and Recommendation. On October 2, 2001 the Magistrate Judge recommended that the defendant's motion be denied and the plaintiff's motion be allowed, to the extent that the matter be ordered remanded for a new hearing.

Upon *de novo* review, the Report and Recommendation is hereby ADOPTED. The defendant's motion will be denied and the plaintiff's motion will be allowed, with an order of remand.

It is clear from a review of the Report and Recommendation and of the contents of the file, that further development of the record is required. This case is rather unusual in the sense that the Administrative Law Judge ("ALJ") who took evidence

actually ruled in the plaintiff's favor. The Appeals Council, which did not hear evidence, then reversed the decision of the ALJ. Perhaps because she intended to rule in favor of the plaintiff in any event, the record supporting the plaintiff's position was not adequately developed. Plaintiff's reply to the defendant's objection to the Report and Recommendation makes it clear that plaintiff has the ability to offer additional evidence concerning individual expenses to support the ALJ's original ruling. Under these circumstances, remand is appropriate.

For the foregoing reasons, the Report and Recommendation is hereby ADOPTED. The defendant's Motion to Affirm the Decision of the Commissioner (Docket No. 14) is hereby DENIED, and the plaintiff's Motion for Relief (Docket No. 12) is hereby ALLOWED, The case is ordered REMANDED for a further hearing.

It is So Ordered.

*REPORT AND RECOMMENDATION WITH REGARD TO PLAINTIFF'S MOTION FOR RELIEF FROM THE DECISION OF THE COMMISSIONER (Docket No. 12) and DEFENDANT'S MOTION TO AFFIRM THE DECISION OF THE COMMISSIONER (Docket No. 14)*

NEIMAN, United States Magistrate Judge.

Shirley J. Dillard ("Plaintiff") seeks judicial review of a final decision of the defendant, the Acting Commissioner (hereinafter "Commissioner") of the Social Security Administration ("SSA") pursuant to 42 U.S.C. § 405(g).[1] The decision concerns the applicability of a Government Pension Offset ("GPO") to widow's insurance benefits for which Plaintiff is otherwise qualified. In her motion for relief, Plaintiff seeks to reverse the decision to the extent it applied the GPO in a manner which eliminated her widow's insurance benefits. In the alternative, Plaintiff requests that the matter be remanded so that the record can be more fully developed. In response, the Commissioner moves to affirm.

The parties' motions have been referred to the court for a report and recommendation. *See* 28 U.S.C. § 636(b)(1)(B). For the reasons which follow, the court will recommend that the Commissioner's motion be denied and that Plaintiff's motion be allowed so that the matter may be remanded for further development of the administrative record.

## I. LEGAL OVERVIEW

The parties have no real dispute as to the applicable law. The Social Security Act provides for an offset (the "GPO") of widow's insurance benefits "by an amount equal to two-thirds ... of any monthly periodic benefit payable to the widow ... which is based upon her earnings while in the service of the Federal Government or any State [government] ... or [any] political subdivision thereof...." 42 U.S.C. § 402(e)(7)(A).[2] What is most relevant to this appeal, and what Plaintiff is seeking to

---

1. In applicable part, section 405(g) provides that "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g).

2. The pertinent regulation puts it thusly:

Unless you meet one of the exceptions in paragraph (b) of this section, your monthly Social Security benefits as a ... widow ... will be reduced each month you are receiving a monthly pension from a Federal, State, or local government agency ... for which you were employed in work not covered by Social Security on the last day of such employment.
20 C.F.R. § 404.408a(a).

show, is that she qualifies for an established exemption from the GPO described as the "one-half support" test. 20 C.F.R. § 404.408a(b)(3) ("The [GPO] does not apply ... [i]f you were receiving or were eligible ... to receive a Government pension for one or more months before July 1983 and you meet the dependency test of one-half support...."). Yet another regulation defines "one-half support," in pertinent part, as follows:

> The insured person provides one-half of your support if he or she makes regular contributions to your ordinary living costs; the amount of these contributions equals or exceeds one-half of your ordinary living costs; and any income (from sources other than the insured person) you have available for support purposes is one-half or less of your ordinary living costs. We will consider any income which is available to you for support whether or not that income is actually used for your ordinary living costs.

20 C.F.R. § 404.366(b).

 When applying the one-half support test, the SSA typically uses a "pooled-fund method." *See Drombetta v. Sec'y of Health & Human Servs.*, 845 F.2d 607, 609 (6th Cir.1987). "This method creates a rebuttable presumption that all income coming into a household is pooled for the support of the household and that each member of the household shares equally in the funds used for support." *Id.* (citation omitted). The presumption may be "rebutted by evidence that the household income was not pooled or evidence indicating that all income for support was not shared equally." *Id.*

## II. BACKGROUND

Plaintiff was born in 1935, married in 1959 and began working for the Massachusetts state government in 1962. Her husband died, fully insured, in 1965 and Plaintiff never remarried.

On February 16, 1999, Plaintiff, then age sixty-three, applied for widow's insurance benefits. (Administrative Record ("A.R.") at 44–47.) The SSA determined at both the initial and reconsideration levels that Plaintiff qualified for such benefits, but that those benefits were subject to the GPO because she was receiving a government pension. (A.R. at 58–62.) After applying the GPO, the SSA found that Plaintiff's widow's benefits were reduced to zero. Plaintiff, representing herself, requested a hearing, which went forward on May 12, 2000, to determine whether she was entitled to application of the "one-half support" exception. (A.R. at 63–64.)

In a decision dated June 30, 2000, the Administrative Law Judge ("ALJ") found that Plaintiff was exempt from the GPO because her husband had provided more than one-half of her support for the twelve months preceding his death. (A.R. at 11–14.) However, on August 17, 2000, the Appeals Council, on its own motion, notified Plaintiff of its intention to review the ALJ's decision. (A.R. at 73.)

On October 17, 2000, the Appeals Council informed Plaintiff that, absent new and material evidence, it planned to determine that she was not exempt from the offset because the record was not supported by "substantial" evidence that her husband provided one-half of her support during the year preceding his death. (A.R. at 74–76.) The Appeals Council invited Plaintiff to supplement the record. In response, Plaintiff, still acting pro se, provided a written statement and some earnings information. (A.R. at 4.) On December 4, 2000, the Appeals Council, believing that the new information was irrelevant, found that Plaintiff was not exempt from the GPO. (A.R. at 4–7.) Soon thereafter,

Plaintiff retained counsel and filed the present action.

### III. DISCUSSION

The parties disagree about whether Plaintiff established her right to the above-described exception to the GPO. The Commissioner asserts that the Appeals Council's decision refusing to apply the exception is based on substantial evidence. For her part, Plaintiff contends that the exception applies and that she submitted sufficient evidence to rebut the presumption that her and her husband's incomes had been pooled. In particular, Plaintiff relies on her testimony that she paid outstanding medical and college bills from her income, thereby exempting her from the pooled income presumption. Moreover, Plaintiff argues, the Appeals Council improperly ignored the ALJ's conclusion which was based, in large part, on finding her testimony credible. Alternatively, Plaintiff contends that both the ALJ's and the Appeals Council's failure to adequately develop the record requires a remand.

As will be explained, the court believes that Plaintiff's alternative argument goes to the heart of the parties' dispute and is meritorious. Accordingly, it will recommend that Plaintiff's motion, to the extent it seeks a remand, be allowed so as to afford her a final opportunity to more fully develop the record, this time with the assistance of counsel.

■■■ Plaintiff's burdens notwithstanding, an administrative law judge has an affirmative "duty to develop an adequate record from which a reasonable conclusion can be drawn." *Heggarty v. Sullivan*, 947 F.2d 990, 997 (1st Cir.1991) (citation and internal quotation marks omitted). This includes "responsibilities with regard to the development of evidence." *Id.* If a claimant is unrepresented by counsel at a hearing, the administrative law judge has a heightened duty to bring out relevant facts. *See Currier v. Sec'y of Health, Educ. & Welfare*, 612 F.2d 594, 598 (1st Cir.1980); *Deblois v. Sec'y of Health & Human Servs.*, 686 F.2d 76, 81 (1982). If a hearing is marked by unfairness due to the lack of counsel, a remand may be appropriate. *Id.*

■■■ In the court's estimation, the ALJ in the case at bar failed to full develop the record, a view which was shared, at least impliedly, by the Appeals Council. This may seem a somewhat harsh judgment on the ALJ when, in fact, she found in Plaintiff's favor. But, unfortunately for Plaintiff, the ALJ's finding was short-lived. Reversing the ALJ, the Appeals Council determined that the evidence submitted was "devoid of any appreciable specificity." (A.R. at 7.) In addition, the Appeals Council found that "no persuasive evidence ha[d] been presented to show who paid the various household expenses, either before or after [Plaintiff's husband]'s death." (*Id.*) Accordingly, the Appeals Council concluded, Plaintiff failed to provide "convincing evidence" to rebut the presumption relative to the pooled-fund method of determining support. (*Id.*) In the court's estimation, this asserted failure cannot be laid entirely at Plaintiff's feet.

As the Supreme Court recently stated in *Sims v. Apfel*, 530 U.S. 103, 110–11, 120 S.Ct. 2080, 147 L.Ed.2d 80 (2000), "Social Security proceedings are inquisitorial, rather than adversarial." As such, the Court admonished, "[i]t is the ALJ's duty to investigate the facts and develop the arguments both for and against granting benefits." *Id.* at 111, 120 S.Ct. 2080.

To be sure, *Sims* involved the denial of Social Security disability benefits. However, the Court's admonition ought not be so limited. *See Setian v. Apfel*, 110 F.Supp.2d 24, 27–28 (D.Mass.2000) (applying *Sims* admonishment to equitable re-

coupment claim). If anything, the obligation of an administrative law judge to investigate facts and develop arguments is even more important when, as here, the claimant for widow's benefits is unrepresented and the development of the evidence may well have been hampered by the passage of several decades.

At best, the administrative record in the case at bar is incomplete. By the time the hearing was held, thirty-five years had passed since the death of Plaintiff's husband in 1965. Although the ALJ attempted to get some information regarding Plaintiff's and her husband's economic status prior to 1965, she focused many of her inquiries upon post–1965 events. Indeed, the ALJ found Plaintiff's description of the changes in her circumstances after the death of her husband "compelling." (A.R. at 13.) Unfortunately for Plaintiff, the Appeals Council found much of the evidence immaterial because it did not pertain to the relevant pre-death period.

The Appeals Council's effort to obtain further documentation was similarly deficient. For example, when it advised Plaintiff that she could provide more evidence, it provided insufficient guidance as to exactly what evidence she needed to support her claim. It stated merely that she should submit "[a]dditional evidence or a further written statement as to the facts

and/or law." (A.R. at 75.) Moreover, the Appeals Council failed to first give the ALJ an opportunity to re-weigh the evidence in light of her previous credibility determination. (See A.R. at 74–76.)[3]

### IV. CONCLUSION

For the reasons stated, the court believes that Plaintiff, now represented by counsel, should have the opportunity to fully develop the record with the assistance of an administrative law judge so that a proper determination of her eligibility for widow's benefits can be made. *See Evangelista v. Secr'y of Health & Human Servs.*, 826 F.2d 136, 139 (1st Cir.1987) (holding that remand is appropriate, in part, "where the court determines that further evidence is necessary to develop the facts of the case fully"). Accordingly, the court recommends that the Commissioner's motion to affirm be DENIED and that Plaintiff's motion for relief be ALLOWED so that the matter may be remanded for a new hearing.[4]

Dated: Oct. 2, 2001.

---

3. The court also believes that the Appeals Council may have applied an overly strict standard for evaluating the evidence. Using, as it must, a "convincing evidence" standard, the Appeals Council improperly cited 20 C.F.R. § 404.750, instead of 20 C.F.R. §§ 404.702 and 404.708. The cited regulation deals with support of a child by a parent, not with support of a widow by a deceased spouse. In the court's view, support of a child by a parent is usually more susceptible to contemporaneous proof than support of a widow. Of necessity, relevant evidence for a widow, who may have to dig deep into the past for proof, may be more testimonial than documentary. *See* 20 C.F.R. § 404.708.

4. The parties are advised that under the provisions of Rule 3(b) of the Rules for United States Magistrates in the United States District Court for the District of Massachusetts, any party who objects to these findings and recommendations must file a written objection with the Clerk of this Court within ten (10) days of the party's receipt of this Report and Recommendation. The written objection must specifically identify the portion of the proposed findings or recommendations to which objection is made and the basis for such objection. The parties are further advised that failure to comply with this rule shall preclude further appellate review by the Court of Appeals of the District Court order

entered pursuant to this Report and Recommendation. *See Keating v. Secretary of Health & Human Services,* 848 F.2d 271, 275 (1st Cir.1988); *United States v. Valencia–Copete,* 792 F.2d 4, 6 (1st Cir.1986); *Scott v. Schweiker,* 702 F.2d 13, 14 (1st Cir.1983); *United States v. Vega,* 678 F.2d 376, 378–379 (1st Cir.1982); *Park Motor Mart, Inc. v. Ford Motor Co.,* 616 F.2d 603, 604 (1st Cir.1980). *See also Thomas v. Arn,* 474 U.S. 140, 154–55, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985). A party may respond to another party's objections within ten (10) days after being served with a copy thereof.