**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 23 1997**

**PATRICK FISHER**
**Clerk**

PUBLISH

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

BRETT E. WILKINS,

        Plaintiff-Appellant,

v.

JOHN J. CALLAHAN, Acting
Commissioner of Social Security,[*]

        Defendant-Appellee.

No. 97-3020

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
(D.C. No. 96-4006-SAC)

Submitted on the briefs:

Kenneth M. Carpenter, Carpenter, Chartered, Topeka, Kansas, for Plaintiff-Appellant.

Jackie N. Williams, United States Attorney, Jackie A. Rapstine, Assistant United States Attorney, Topeka, Kansas (Frank V. Smith, III, Chief Counsel, Region VII, Social Security Administration, and Rhonda J. Wheeler, Assistant Regional Counsel, Kansas City, Missouri, of Counsel), for Defendant-Appellee.

---

    [*]     Effective March 31, 1995, the functions of the Secretary of Health and Human Services in social security cases were transferred to the Commissioner of Social Security. P.L. No. 103-296. Pursuant to Fed. R. App. P. 43(c), John J. Callahan, Acting Commissioner of Social Security, is substituted for Donna E. Shalala, Secretary of Health and Human Services, as the defendant in this action.

Before TACHA, McKAY, and BALDOCK, Circuit Judges.

TACHA, Circuit Judge.

Claimant Brett E. Wilkins appeals from the district court's judgment affirming the decision of the Commissioner of Social Security which rejected claimant's challenge to the agency's suspension of his disability benefits, originally awarded in 1989 with an onset date of 1970.[2]  In early 1992, claimant pled guilty to and was convicted on one felony count of forgery pursuant to Kan. Stat. Ann. § 21-3710.  The state trial court originally sentenced him to a term of incarceration of from one to two years, subject to modification after evaluation. See Appellant's App. at 52.  After a hearing and review of a report from the State Reception and Diagnostics Center, the state trial court ordered claimant committed to the Larned State Security Hospital, instead, "for psychiatric care, treatment and maintenance . . . until further order of this Court or until discharge . . . ."  Id. at 61-62.  Claimant was transferred to Larned in May of 1992.  That

---

[2]     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument.  Claimant's motion for oral argument is denied.

same month, the Social Security Administration suspended claimant's disability benefits based on his felony conviction, pursuant to 42 U.S.C. § 402(x)(1).[3] Claimant was discharged from Larned in November of 1993, and placed on one year's unsupervised probation. His Social Security disability benefits were reinstated upon his release. He challenged the agency's decision to deny him benefits during the eighteen-month period he was at Larned, both administratively and through review by an administrative law judge (ALJ). He argued that the agency wrongly applied § 402(x) to deny him benefits, noting that the Veteran's Administration (VA) had not suspended payment of his veteran's benefits while he was at Larned.

---

[3]    Section 402(x)(1), in pertinent part as it existed in 1992, provided that:

> [N]o monthly benefits shall be paid . . . to any individual for any month during which such individual is confined in a jail, prison, or other penal institution or correctional facility, pursuant to his [felony] conviction . . . unless such individual is actively and satisfactorily participating in a rehabilitation program which has been specifically approved for such individual by a court of law and, as determined by the [Commissioner] is expected to result in such individual being able to engage in substantial gainful activity upon release and within a reasonable time.

Section 402(x) was amended in 1994, as discussed further herein. The applicable agency regulation is found at 20 C.F.R. § 404.468.

The ALJ concluded that 1) claimant's commitment to Larned was the same as confinement under § 402(x), 2) this interpretation of § 402(x) was not unreasonable or contrary to Congressional intent, 3) the statute's rehabilitation exception did not apply here because the treatment claimant received at Larned was not an approved vocational rehabilitation program under the statute, and 4) the VA's decision was not binding on the agency. See Appellant's App. at 24-28.

The district court affirmed the ALJ's ruling. The district court also rejected claimant's argument that the 1994 amendments to § 402(x) demonstrated his benefits should not have been suspended in 1992, an argument the ALJ did not expressly address.

Our jurisdiction over this appeal arises from 28 U.S.C. § 1291. We review the agency's decision to suspend disability benefits to determine whether the factual findings are supported by substantial evidence in the record viewed as a whole and whether the correct legal standards were applied. See Castellano v. Secretary of Health & Human Servs., 26 F.3d 1027, 1028 (10th Cir. 1994). Claimant's arguments challenge the agency's interpretation of § 402(x) and its corresponding regulation, therefore our review is highly deferential. See New Mexico Dept. of Human Servs. v. Department of Health & Human Servs. Health Care Fin. Admin., 4 F.3d 882, 884-85 (10th Cir. 1993) (holding appellate court

must give agency's interpretation of statutory provision it administers "controlling weight unless [it is] arbitrary, capricious, or manifestly contrary to the statute"); Colorado Dep't of Social Servs. v. United States Dep't of Health & Human Servs., 29 F.3d 519, 522 (10th Cir. 1994) (holding substantial deference given to an agency's interpretation and application of its own regulations).

Claimant argues that his commitment to Larned was not the equivalent of confinement or imprisonment, based on Kan. Stat. Ann. § 22-3430, the state trial court's order of commitment, its decision to place claimant on probation, and its subsequent journal entry form. These arguments miss the mark. As the district court noted in its decision, the State's terminology does not bind the Social Security Administration to a certain interpretation of a federal statute. Further, claimant cites no authority to support his position. See Phillips v. Calhoun, 956 F.2d 949, 953 (10th Cir. 1992) (citation omitted).

Claimant also argues that case law supports his contention that his commitment was not confinement, citing Graves v. Heckler, 607 F. Supp. 1186 (D. D.C. 1985). As in Graves, claimant here was not free to leave Larned. However, unlike in Graves, claimant here was not acquitted of his crime by reason of insanity. We agree with the ALJ and the district court that this case is more similar to Davel v. Sullivan, 902 F.2d 559 (7th Cir. 1990), in which the

Seventh Circuit concluded that the claimant's placement in a mental institution following a felony conviction constituted confinement under § 402(x).

Claimant asserts that the agency should follow the Veteran's Administration's (VA) decision to continue his benefits while at Larned. Petitioner correctly states that the VA's decision "is entitled to some weight and should be considered." Appellant's Br. at 12. It is clear that the agency in this case did recognize and consider the VA's decision, as it is discussed by both the ALJ and the district court. More is not required; no legal error exists.

Claimant contends that the underlying purpose of the Social Security Act, to provide benefits to disabled workers, is not violated by his receipt of benefits while committed to Larned. This argument both cuts too broadly and misstates the applicable standard. The standard of review here is whether the agency's interpretation, not petitioner's position, is reasonable and comports with the statute. Further, the statutory provision at issue here is not the Social Security Act in general; it is § 402(x). The purpose of § 402(x), to deny benefits to those persons whose needs are being provided at public expense due to their confinement, is furthered by the agency's interpretation in this case.

Claimant points to the 1994 amendment to § 402(x), which denies benefits to criminally insane persons confined by court order at public expense. He argues that this amendment demonstrates that persons in his circumstances before the

amendment became effective should not be denied benefits. Based on the legislative history of the amendment, the district court concluded that the amendment "closed a perceived gap" that had allowed persons who had been found guilty but insane, not guilty by reason of insanity, or incompetent to stand trial, to continue receiving benefits. District Court Order at 19. We agree with the district court that claimant does not fall into any of these categories. He was found guilty of a felony, but was not adjudged insane. Therefore, the 1994 amendment to § 402(x) does not demonstrate his entitlement to benefits in 1992.

Accordingly, under these facts, we conclude that the agency's interpretation and application of § 402(x) and its corresponding regulation, as they existed in 1992, is neither arbitrary nor contrary to the statute itself. Therefore, we also conclude that substantial evidence supports the ALJ's decision, and that the correct legal standards were applied. The December 19, 1996, judgment of the United States District Court for the District of Kansas is AFFIRMED.