**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 15 1999**

**PATRICK FISHER**
**Clerk**

PUBLISH

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

CATHY McNAMAR,

       Plaintiff-Appellant,

v.

KENNETH S. APFEL, Commissioner
of Social Security Administration,

       Defendant-Appellee.

No. 98-5077

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA
(D.C. No. 96-CV-1134-M)

---

Submitted on the briefs:

Paul F. McTighe, Jr., Tulsa, Oklahoma, for Plaintiff-Appellant.

Stephen C. Lewis, United States Attorney, Peter Bernhardt, Assistant U.S.
Attorney, Tulsa, Oklahoma, and Tina M. Waddell, Chief Counsel, Region VI,
Mark J. Kingsolver, Deputy Chief Counsel, and Linda H. Green, Assistant
Regional Counsel, Office of the General Counsel, Social Security Administration,
Dallas, Texas, for Defendant-Appellee.

---

Before **BALDOCK** , **BARRETT** and **HENRY** , Circuit Judges.

---

**BARRETT** , Senior Circuit Judge.

Appellant Cathy McNamar appeals the district court's affirmance of the final decision of the Commissioner of Social Security reducing appellant's disability benefits by the amount of her Civil Service disability benefits, without excluding her monthly health insurance premium. Because the Commissioner's decision is supported by substantial evidence and correct legal standards were applied, we affirm. [1]

Appellant is disabled by Crohn's Disease. She receives $747 in monthly disability benefits from the Civil Service Retirement System, from which health insurance premiums and taxes are deducted. Appellant also receives social security disability benefits. Because appellant is eligible to receive both social security disability benefits and disability benefits from another government plan, federal law requires that her social security benefits be reduced. See 42 U.S.C. § 424a(a); 20 C.F.R. § 404.408(a)(2). This appeal involves the amount by which appellant's social security benefit must be reduced.

The Commissioner offset appellant's entire civil service disability payment against her social security disability payment, without excluding her monthly

---

[1] After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

health insurance premiums from the offset. The Commissioner's decision was based on the language of 20 C.F.R. § 404.408(d), which identifies expenses that may be excluded from the offset, and on several provisions of the Social Security Administration's Program Operations Manual System (POMS), a set of policies issued by the Administration to be used in processing claims. The district court affirmed the computation. On appeal, appellant argues that her health insurance premiums are future medical expenses which should have been excluded from the offset pursuant to 20 C.F.R. § 404.408(d).

We review the Commissioner's decision to determine whether it is supported by substantial evidence and whether correct legal standards were applied. See Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997). Our review of an agency's interpretation of a statute or regulation it administers is highly deferential. See Thomas Jefferson Univ. v. Shalala, 512 U.S. 504, 512 (1994); Wilkins v. Callahan, 127 F.3d 1260, 1262 (10th Cir. 1997). Such an interpretation is given controlling weight unless it is arbitrary, capricious, or contrary to law. See Thomas Jefferson Univ., 512 U.S. at 512 ("[T]he agency's interpretation must be given controlling weight unless it is plainly erroneous or inconsistent with the regulation.") (quotations omitted); New Mexico Dep't of Human Servs. v. Department of Health & Human Servs., 4 F.3d 882, 884 (10th Cir. 1993).

The offset statute itself does not authorize the exclusion of any amounts from the offset.    See 42 U.S.C. § 424a(a).  The Social Security Administration's implementing regulation does, however, exclude the following amounts:

> [a]mounts paid or incurred, or to be incurred, by the individual for medical, legal, or related expenses in connection with the claim for public disability payments . . . or the injury . . . on which the public disability award . . . is based, . . . to the extent they . . . reflect either the actual amount of expenses already incurred or a reasonable estimate . . . of future expenses.  Any expenses . . . not reflecting a reasonable estimate of the individual's actual future expenses will not be excluded.

20 C.F.R. § 404.408(d).  The agency has further clarified this regulation in two POMS provisions which appear to foreclose appellant's argument that her health insurance premiums should have been excluded as future medical expenses.       See POMS DI 52001.050(C)(2), attached to Appellant's Br. (expressly stating that health insurance premiums should be offset against the social security disability benefit, and that such amounts "are not excludable expenses"); POMS DI 52001.535(2) and (7), attached to Appellant's Br. (requiring verification of medical expenses, and stating that amounts for future medical expenses which are not specified in the public disability award may not be excluded until they are actually incurred).  The question then, is whether these agency interpretations are arbitrary, capricious, or contrary to law.

Because the offset statute does not exclude any amounts from the required offset,  see § 424a(a), the Commissioner's failure to exclude appellant's health

-4-

insurance premiums cannot be contrary to the statute. Nor does it appear that the failure to exclude such premiums is contrary to the implementing regulation, as the premiums do not represent an estimate of appellant's actual future expenses related to her Crohn's disease. Although appellant's health insurance may, at some point, pay for disability-related medical expenses, it is not limited to these expenses, but instead may be used to pay for an entire spectrum of medical care. Finally, appellant has not shown that the agency's interpretation of the setoff requirement, as enunciated in the POMS, is arbitrary or capricious.

The judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED.