**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 29 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

ROBERT CASEY,

      Plaintiff-Appellant,

v.

JO ANNE B. BARNHART,
Commissioner, Social Security
Administration,

      Defendant-Appellee.

No. 03-5001
(D.C. No. 01-CV-692-CL)
(N.D. Oklahoma)

---

**ORDER AND JUDGMENT** *

---

Before **HARTZ**, **BALDOCK**, and **McCONNELL**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.

---

\*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Claimant Robert Casey challenges the Commissioner's decision denying his application for supplemental security income benefits for a closed period, September 27, 1999 to July 31, 2001. [1] Mr. Casey, a person closely approaching advanced age (age 50-54), alleged that he was disabled during that period due to amputation of his right lower leg, and also alleged back and joint pain, high blood pressure, headaches, high cholesterol, sleep deprivation, and skin cancer. The administrative law judge (ALJ) determined, at the fourth step of the disability analysis, that Mr. Casey could not return to his past relevant work. *See* 20 C.F.R. § 416.920 (setting out the applicable five-step analysis). At the fifth step, however, the ALJ decided that Mr. Casey was not disabled because he could perform a range of sedentary to light work and that a significant number of jobs were available in the regional and national economies. Reviewing the ALJ's decision to determine only whether he applied the law correctly and whether there was substantial evidence to support his decision, *see Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003), we affirm.

Mr. Casey argues that, under a proper application of the medical-vocational guidelines, 20 C.F.R. pt. 404, Subpt. P, App. 2 (the grids), he should have been found disabled. The grids "establish[] through rulemaking the types and numbers

[1] Mr. Casey filed a new application on August 27, 2001. He was found disabled with an onset date of August 1, 2001.

of jobs that exist in the national economy." *Heckler v. Campbell,* 461 U.S. 458, 461 (1983). They set forth rules that identify whether jobs requiring specific combinations of physical ability, age, education, and work experience exist in significant numbers in the national economy. *Id.* at 461-62. Where a claimant's qualifications match the criteria of a particular rule, the grids "direct a conclusion as to whether work exists that the claimant could perform." *Id.* at 462.

The grids, however, "may not be applied conclusively in a given case unless the claimant's characteristics precisely match the criteria of a particular rule." *Channel v. Heckler,* 747 F.2d 577, 579 (10th Cir. 1984). "'[W]here any one of the findings of fact does not coincide with the corresponding criterion of a rule, the rule does not apply in that particular case and, accordingly, does not direct a conclusion of disabled or not disabled.'" *Id*. (quoting 20 C.F.R. Pt. 404, Subpt. P, App. 2, § 200.00(a)). If there is no "exact fit," the grids may not be applied conclusively, and the ALJ must consider all the relevant facts of the case before reaching a determination. *Id.*

The ALJ's step-five decision in such a case is to be based on the claimant's "remaining occupational base, as determined by [residual functional capacity], in conjunction with his or her age, education, and work experience." SSR 83-12, 1983 WL 31253, *1. "Where the extent of erosion of the occupational base is not clear, the adjudicator will need to consult a vocational resource." *Id.* at *2.

Under SSR 83-12,

2. If the exertional level falls between two rules which direct opposite conclusions, i.e., "Not disabled" at the higher exertional level and "Disabled" at the lower exertional level, [the ALJ is to] consider as follows:

> a. An exertional capacity that is only slightly reduced in terms of the regulatory criteria could indicate a sufficient remaining occupational base to satisfy the minimal requirements for a finding of "Not disabled."
>
> b. On the other hand, if the exertional capacity is significantly reduced in terms of the regulatory definition, it could indicate little more than the occupational base for the lower rule and could justify a finding of "Disabled."
>
> c. In situations where the rules would direct different conclusions, and the individual's exertional limitations are somewhere "in the middle" in terms of the regulatory criteria for exertional ranges of work, more difficult judgments are involved as to the sufficiency of the remaining occupational base to support a conclusion as to disability. Accordingly, [vocational specialist] assistance is advisable for these types of cases.

*Id.* at *2-*3.

Here, Mr. Casey acknowledges that his residual functional capacity (RFC) is not an "exact fit" within a grid. He falls between two grids directing different conclusions, and, consequently, the grids alone cannot yield the answer as to his ability to engage in other work in the national economy. If limited to sedentary work, Mr. Casey would be deemed disabled under the grids. *See* 20 C.F.R. Pt.

-4-

404, subpt. P, app. 2, § 201.12. If, however, he could perform a full range of light work, he would be considered *not* disabled. *See id.* at § 202.13.

Thus, SSR 83-12 provides guidance in determining Mr. Casey's possible entitlement to benefits. And, contrary to Mr. Casey's contentions, the ALJ followed the procedure set out in SSR 83-12. The ALJ consulted a VE to determine the erosion of the occupational base and learned that, for a person with Mr. Casey's RFC, the light-work occupational base would be eroded by 98%, but the full range of unskilled work would be available. The ALJ also elicited VE testimony to the effect that two light-work jobs existed in the economy in significant numbers which could be performed by an individual with Mr. Casey's RFC.

We disagree with Mr. Casey's contention that SSR 83-12 automatically requires a disability finding whenever the occupational base at the higher exertional level is significantly reduced. It is true that the ruling would have supported a finding of disability here, because the eroded base "could indicate little more than the occupational base for the lower rule and could justify a finding of 'Disabled.'" SSR 83-12. This language, however, is permissive and does not mandate such a finding. The ALJ fulfilled his obligation to determine Mr. Casey's occupational base by consulting a VE to determine whether a person with claimant's profile could perform substantial gainful work in the economy.

*See Moore v. Apfel*, 216 F.3d 864, 870-71 (9th Cir. 2000) (stating that, when a claimant's exact place between the grids is difficult to determine, SSR 83-12 mandates the use of a VE, not a finding of "disabled"). [2] Based on the VE's testimony, the ALJ concluded that Mr. Casey retained the ability to engage in gainful work and, therefore, was not disabled.

The ALJ's conclusion is in accordance with the applicable regulations and supported by substantial evidence. [3] Applying the relevant standard of review, we AFFIRM.

Entered for the Court

Bobby R. Baldock
Circuit Judge

---

[2] Mr. Casey also refers to a provision of the Social Security Administration's Program Operations Manual System ("POMS"), which is a set of policies issued by the agency "to be used in processing claims." *McNamar v. Apfel*, 172 F.3d 764, 766 (10th Cir. 1999). The cited provision states that the finding listed for the lower exertional level rule "usually" applies where the exertional capacity for the higher level is significantly reduced. *See* POMS No. DI 25025.001(B)(2). The POMS provision adds nothing to our analysis of this case. The term "usually," like the phrase "could justify," allows the Commissioner to reach a decision based on the facts relevant to each specific case.

[3] Mr. Casey makes an additional argument on appeal. He contends that substantial evidence does not support the ALJ's finding that he is not disabled because he has transferable computer skills. We have sustained the ALJ's first rationale for the finding that Mr. Casey was not disabled. As a consequence, we do not address the alternative reasoning mentioned in the ALJ's decision.