**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 27 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

WALTER A. CROOK,

      Plaintiff-Appellant,

v.

JO ANNE B. BARNHART,
Commissioner, Social Security
Administration,

      Defendant-Appellee.

No. 04-6149
(D.C. No. 03-CV-860-R)
(W.D. Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **LUCERO** , **McKAY** , and **PORFILIO** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Walter A. Crook, appearing pro se, appeals an order affirming the Commissioner's ruling that his government pension fully offsets his widower's Social Security benefits. We have jurisdiction under 42 U.S.C. § 405(g) and 28 U.S.C. § 1291. Because the Commissioner's decision is supported by substantial evidence, we affirm.

## Background

Mr. Crook and Lucille C. Crook were married from November 3, 1959, until they divorced in April or May, 1979. Mr. Crook then entered into two other marriages, the second ending in divorce in 1988. According to Mr. Crook, though, his relationship with the first Mrs. Crook remained amicable, and starting in 1990, she helped pay his expenses so he could focus on volunteer work.

Mrs. Crook died on November 12, 1999, and Mr. Crook applied for widower's benefits as a divorced spouse. The Social Security Administration (SSA) found that Mr. Crook was eligible for widower's benefits, but that he could not actually receive any award because, under the applicable regulations, his widower's benefits were fully offset by the government pension he has received since his disability retirement from federal service in 1980. *See* 20 C.F.R. § 404.408a(a).

Mr. Crook requested and received a hearing before an administrative law judge (ALJ). The only issue at the hearing was whether Mr. Crook could

establish that he qualified for an exception to the pension offset provision. Mr. Crook argued that Mrs. Crook provided at least one-half of his support at the time of her death, and he therefore met a recognized exception. *See id.* §§ 404.366, 404.408a(b)(2), 404.408a(c).

At the hearing, Mr. Crook testified that Mrs. Crook provided about $8,000 to him each year from 1990 to 1995, and that these payments provided at least one-half of his support in those years. He further testified that she continued to support more than fifty percent of his expenses from 1995 until her death. Mr. Crook did not provide estimates of his expenses, except that in the year 1990, his expenses "definitely" exceeded $16,000. SSA Record at 43. He stated that he did not have documentary evidence to support his testimony, as Mrs. Crook's payments to him were entirely in cash and he did not have any records.

The ALJ determined that Mr. Crook was not credible and declined to apply the exception to the offset provision. The Appeals Council denied review, so the ALJ's decision became the Commissioner's decision. *Doyal v. Barnhart*, 331 F.3d 758, 759 (10th Cir. 2003). Mr. Crook then appealed to the district court, which affirmed the Commissioner's decision.

## Analysis

"We review the Commissioner's decision to determine whether it is supported by substantial evidence and whether correct legal standards were

applied." *McNamar v. Apfel*, 172 F.3d 764, 766 (10th Cir. 1999). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Dikeman v. Halter*, 245 F.3d 1182, 1184 (10th Cir. 2001) (quotations omitted). "We have emphasized that credibility determinations are peculiarly the province of the finder of fact, and should not be upset if supported by substantial evidence." *White v. Barnhart*, 287 F.3d 903, 909 (10th Cir. 2001) (quotation omitted).

In determining that Mr. Crook was not credible and had not shown himself entitled to the one-half support exception, the ALJ noted that Mr. Crook had no objective evidence to support his testimony, provided no proof of his expenses, and provided no explanation why his pension and his own Social Security benefits did not cover at least one-half of his expenses. Comparing Mr. Crook's application to his testimony, it appeared to the ALJ that Mr. Crook had contradicted himself or omitted relevant information at various times. The ALJ also indicated that it did not make sense that, even if Mr. Crook required extra funds beyond his pension and benefits, Mrs. Crook would provide such funds from her own pocket.

The ALJ fulfilled his duty of setting forth concrete reasons, supported by the record, for rejecting Mr. Crook's credibility. *See id.* Because the ALJ's

reasons are generally supported by the record, we are compelled to accept them. *Id.*; *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995). [1]

Finally, Mr. Crook complains that he has not had the opportunity to appear before a judge. As stated above, the courts' review of SSA determinations is limited. *See McNamar*, 172 F.3d at 766. Such review is generally done using the record before the SSA, and, in this court's case, the record before the district court. Mr. Crook had the opportunity to present his arguments and evidence to the district court in writing. Under these circumstances, a hearing was not required, and there was no error in the district court's issuing its ruling without holding one.

---

[1] Moreover, even if the ALJ had found Mr. Crook credible, the record still provides substantial evidence to support a decision that Mr. Crook has not proved his entitlement to the one-half support exception. If Mr. Crook's expenses exceeded $16,000 in 1990, as he testified, Mrs. Crook would have had to contribute more than the $8,000 that he testified she gave him to provide at least one-half of his support. In addition, under the one-half support test, the SSA considers "any income which is available to you for your support whether or not that income is actually used for your ordinary living costs." 20 C.F.R § 404.366(b). To constitute one-half of Mr. Crook's support, then, Mrs. Crook's contributions had to equal or exceed the amounts of Mr. Crook's pension and benefits (or at least $14,400 per year, as the record indicates that Mr. Crook's pension alone was at least $1,200 per month), and the record does not support any inference of contributions of that level. *Cf. Heberer v. Apfel*, 24 F. Supp. 2d 998, 1001 (E.D. Mo. 1998) (holding that financial reports showed on their face that claimant's pension exceeded one-half of his support, and thus wife was not providing at least one-half of his support).

Mr. Crook's motion to proceed in forma pauperis on appeal is GRANTED.

The judgment of the district court is AFFIRMED.

Entered for the Court

Monroe G. McKay
Circuit Judge