**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 3 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

ELIZABETH STANDLEE,

      Plaintiff-Appellant,

v.

JO ANNE B. BARNHART,
Commissioner of Social Security,

      Defendant-Appellee.

No. 04-2143
(D.C. No. CIV-03-190-DJS)
(D. N.M.)

---

**ORDER AND JUDGMENT** *

---

Before **EBEL** , **BALDOCK** , and **KELLY** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore

ordered submitted without oral argument.

Elizabeth Standlee appeals from an order affirming the Commissioner's

decision that she is not entitled to Social Security disability insurance and

---

\*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

supplemental security income benefits. We have jurisdiction under 42 U.S.C. § 405(g) and 28 U.S.C. § 1291, and we affirm.

*Background*

Mrs. Standlee suffered injuries to her neck, left shoulder, and right wrist in a fall at work on November 1, 1999. In succeeding months, she was treated for various problems with both arms by multiple medical providers, including Dr. Laurel McGinty for her right hand and arm and Dr. Ronald Takemoto for her left arm. She continued working for the state of New Mexico as a Court Clerk II, on light duty with restrictions, through March 14, 2001, when Dr. McGinty took her off work to help her treatment.

In June 2001, Mrs. Standlee underwent a residual functional capacity (RFC) assessment by physical therapist Teresa Barton. Ms. Barton opined that Mrs. Standlee would risk increasing her symptoms by performing Court Clerk II duties, but that she could perform light work with restrictions on grasping, pushing, pulling, reaching, and lifting. On July 10, Dr. McGinty agreed with Ms. Barton's assessment. On July 19, Mrs. Standlee filed her application for benefits, alleging a disability onset date of March 14, 2001. The state terminated her employment on August 21, 2001, because she was unable to perform her duties.

An administrative law judge (ALJ) found that Mrs. Standlee had severe impairments, but that her impairments were not severe enough to meet or

-2-

medically equal a listed impairment. He further found that she retained the RFC to do light work, with restrictions on her use of her upper extremities. The ALJ determined that she did not have the capability to return to her previous relevant work, but that her RFC allowed her to perform other jobs available in the regional and national economy, and he denied her application. The Appeals Council and the district court affirmed the ALJ's decision. Mrs. Standlee appeals.

### *Discussion*

### I.

"We review the Commissioner's decision to determine whether it is supported by substantial evidence and whether correct legal standards were applied." *McNamar v. Apfel*, 172 F.3d 764, 766 (10th Cir. 1999). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Dikeman v. Halter*, 245 F.3d 1182, 1184 (10th Cir. 2001) (quotation omitted). "In evaluating the appeal, we neither reweigh the evidence nor substitute our judgment for that of the agency." *Casias v. Sec'y of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991). "We have emphasized that credibility determinations are particularly the province of the finder of fact, and should not be upset if supported by substantial evidence." *White v. Barnhart*, 287 F.3d 903, 909 (10th Cir. 2001) (quotation omitted).

II.

Mrs. Standlee first argues that the ALJ erred in determining her RFC because the ALJ did not consider Dr. McGinty's opinion about restrictions on Mrs. Standlee's use of her right upper extremity.

We disagree. The ALJ's opinion explicitly discusses, in detail, Dr. McGinty's treatment of Mrs. Standlee. Aplt. App. Vol. I at 18-19, 20. In addition, the ALJ recognized the restrictions advised by Dr. McGinty in his hypothetical questions. *Id.* at 62. The RFC established for Mrs. Standlee encompasses restrictions on both upper extremities. *Id.* at 20-21.

Mrs. Standlee next argues that the hypothetical questions posed to the Vocational Expert (VE) were flawed because they did not relate all of her impairments with precision. She particularly contends that the questions (1) did not relate with precision Dr. McGinty's restrictions on her use of her right upper extremity, and (2) did not include the impairments to her upper left extremity that Dr. Takemoto identified.

These contentions also are rejected. Dr. McGinty imposed restrictions of "no repetitive grasping, lifting, reaching, or forceful pushing and pulling" with the right upper extremity. *Id*. at 160, 358. These limitations were related almost verbatim in the ALJ's hypothetical question. *Id.* at 62. With regard to Dr. Takemoto's restrictions, the ALJ instructed the VE to consider each

-4-

hypothetical question in conjunction with the restrictions set forth in the preceding hypothetical questions. Thus, rather than repeating the same restrictions over and over, he simply added additional restrictions in each question. *Id.* at 61. In his first hypothetical question, he included restrictions on the right upper extremity. *Id.* at 62. In the second hypothetical question, he included restrictions on the left upper extremity. *Id.* at 64. Consequently, the ALJ's hypothetical questions did address restrictions applicable to Mrs. Standlee's left upper extremity, as well as to her right upper extremity.

Finally, Mrs. Standlee argues that the ALJ erred in discounting her credibility. She contends that the ALJ did not properly analyze her allegations of pain under *Luna v. Bowen*, 834 F.2d 161, 163 (10th Cir. 1987), and that he improperly failed to discuss her mother's testimony and her husband's statement about her disabling pain. Under *Luna*, once a claimant has shown a "loose nexus" between her pain and a potentially pain-producing impairment, the ALJ must consider all relevant evidence in evaluating claimant's allegations of disabling pain. *Id.* at 164-65; *see also* Soc. Sec. Rul. 96-7P, 1996 WL 374186, at *4 ("When evaluating the credibility of an individual's statements, the adjudicator must consider the entire case record and give specific reasons for the weight given to the individual's statements."). "[F]indings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion

in the guise of findings." *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995) (quotation omitted).

The ALJ's decision reflects adequate consideration of the evidence. The ALJ stated that he considered all of the exhibits and all of the testimony at the hearing. Aplt. App. Vol. I at 17. "[O]ur general practice . . . is to take a lower tribunal at its word when it declares that it has considered a matter." *Hackett v. Barnhart*, No. 04-1047, slip op. at 7-8 (10th Cir. Jan. 24, 2005). More importantly, the ALJ thoroughly discussed the opinions of Mrs. Standlee's primary treating physicians and other aspects of the medical record, Aplt. App. Vol. I at 18-20, and he made specific findings, supported by the record, regarding Mrs. Standlee's credibility and why he believed that her pain was not as severe as alleged. *Id.* at 20-21.

While the ALJ did not specifically discuss the testimony of Mrs. Standlee's mother, we do not believe this omission is grounds for remand given the nature of her mother's testimony, which appears largely cumulative of Mrs. Standlee's own testimony. *See Adams v. Chater*, 93 F.3d 712, 715 (10th Cir. 1996) ("We decline claimant's invitation to adopt a rule requiring an ALJ to make specific written finding of each witness's credibility . . . ."); *Clifton v. Chater*, 79 F.3d 1007, 1009-10 (10th Cir. 1996) ("The record must demonstrate that the ALJ considered all of the evidence, but an ALJ is not required to discuss every piece of

evidence."). With regard to Mrs. Standlee's complaints about the ALJ's failure to consider her husband's statement, we note that Mr. Standlee's statement was made a part of the record by the Appeals Council on January 10, 2003, well after the ALJ's decision. Aplt. App. Vol. I at 8. The ALJ cannot be faulted for not discussing evidence that was not before him when he issued his decision. The Appeals Council explicitly mentioned Mr. Standlee's statement in its decision, but found it unpersuasive. *Id.* at 6. We shall not reweigh the evidence or substitute our judgment for that of the Commissioner. *Hackett*, slip op. at 9; *Casias*, 933 F.2d at 800.

We conclude the Commissioner's decision is adequately supported by substantial evidence in light of the entire record. The judgment of the district court is AFFIRMED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge