Thomas Metcalf **LYDA** III, Plaintiff,

v.

**Carolyn W. COLVIN, Acting Commissioner of Social Security, Defendant.**

**Civil Action No. 15-cv-02304-REB**

United States District Court,
D. Colorado.

Signed 10/28/2016

Teresa H. Abbott, Law Office of Teresa Abbott, P.C., Denver, CO, Alan M. Agee, Alan M. Agee, P.C. Colorado Springs, CO, for Plaintiff.

J. Benedict Garcia, U.S. Attorney's Office, Thomas Henry Kraus, Social Security Administration, Denver, CO, for Defendant.

## ORDER REVERSING DISABILITY DECISION AND REMANDING TO COMMISSIONER

Robert E. Blackburn, United States District Judge

The matter before me is plaintiff's **Complaint** [# 1],[1] filed October 16, 2015, seeking review of the Commissioner's decision denying plaintiff's claim for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401, *et seq.* I have jurisdiction to review the Commis-

---

1. "[# 1]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

sioner's final decision under 42 U.S.C. § 405(g). The matter has been fully briefed, obviating the need for oral argument. I reverse and remand.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff alleges that he is disabled as a result of coronary artery disease, hypertension, hypercholesterolemia, diabetes, diabetic retinopathy, and vision loss in his left eye. After his application for disability insurance benefits was denied, plaintiff requested a hearing before an administrative law judge. This hearing was held on May 27, 2015.[2] At the time of the hearing, plaintiff was 62 years old. He has two years of college credit and past relevant work experience as the owner and manager of a company that processed and distributed nuts. He has not engaged in substantial gainful activity since December 25, 2007, his alleged date of onset.

The ALJ found plaintiff was not disabled and therefore not entitled to disability insurance benefits. Although the evidence established plaintiff suffered from severe impairments, the judge concluded the severity of those impairments did not meet or equal any impairment listed in the social security regulations. A number of other alleged impairments were found to be either non-severe or to not constitute medically determinable impairments at all. The ALJ found plaintiff had the residual functional capacity to perform a range of skilled light work with certain postural and other limitations. As those restrictions were not inconsistent with plaintiff's past relevant work, the ALJ found him not disabled at step four of the sequential evaluation. Plaintiff appealed this decision to the Appeals Council. The Council affirmed. Plaintiff then filed this action in federal court.

## II. STANDARD OF REVIEW

 A person is disabled within the meaning of the Social Security Act only if his physical and/or mental impairments preclude him from performing both him previous work and any other "substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2). "When a claimant has one or more severe impairments the Social Security [Act] requires the [Commissioner] to consider the combined effects of the impairments in making a disability determination." *Campbell v. Bowen,* 822 F.2d 1518, 1521 (10ᵗʰ Cir. 1987) (citing 42 U.S.C. § 423(d)(2)(C)). However, the mere existence of a severe impairment or combination of impairments does not require a finding that an individual is disabled within the meaning of the Social Security Act. To be disabling, the claimant's condition must be so functionally limiting as to preclude any substantial gainful activity for at least twelve consecutive months. *See Kelley v. Chater,* 62 F.3d 335, 338 (10ᵗʰ Cir. 1995).

 The Commissioner has established a quenquepartite sequential evaluation process for determining whether a claimant is disabled:

1. The ALJ must first ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.

2. The ALJ must then determine whether the claimed impairment is "severe." A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities.

3. The ALJ must then determine if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations.

---

**2.** Hearings were set and then deferred on two prior occasions—first to permit plaintiff to obtain counsel and later to allow supplementation of the record. (*See* Tr. 48-54, 55-69.)

4. If the claimant's impairment does not meet or equal a listed impairment, the ALJ must determine whether the claimant can perform his past work despite any limitations.

5. If the claimant does not have the residual functional capacity to perform her past work, the ALJ must decide whether the claimant can perform any other gainful and substantial work in the economy. This determination is made on the basis of the claimant's age, education, work experience, and residual functional capacity.

20 C.F.R. § 404.1520(b)–(f). *See also Williams v. Bowen*, 844 F.2d 748, 750–52 (10th Cir. 1988). The claimant has the initial burden of establishing a disability in the first four steps of this analysis. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S.Ct. 2287, 2294 n.5, 96 L.Ed.2d 119 (1987). The burden then shifts to the Commissioner to show that the claimant is capable of performing work in the national economy. *Id.* A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 801 (10th Cir. 1991).

 Review of the Commissioner's disability decision is limited to determining whether the ALJ applied the correct legal standard and whether the decision is supported by substantial evidence. *Hamilton v. Secretary of Health and Human Services*, 961 F.2d 1495, 1497–98 (10th Cir. 1992); *Brown v. Sullivan*, 912 F.2d 1194, 1196 (10th Cir. 1990). Substantial evidence is evidence a reasonable mind would accept as adequate to support a conclusion. *Brown*, 912 F.2d at 1196. It requires more than a scintilla but less than a preponderance of the evidence. *Hedstrom v. Sullivan*, 783 F.Supp. 553, 556 (D. Colo. 1992). "Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992). Further, "if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence." *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993). Although a reviewing court should meticulously examine the record, it may not reweigh the evidence or substitute its discretion for that of the Commissioner. *Id.*

### III. LEGAL ANALYSIS

 Although plaintiff advances multiple allegations of error in this appeal, his arguments regarding alleged errors at steps two and three of the sequential evaluation appear to be either patently meritless or at best, harmless error.[3] Neverthe-

---

**3.** For example, although plaintiff maintains the ALJ erred at step two of the sequential evaluation by failing to consider all his alleged impairments, both severe and non-severe, in combination, he fails to suggest how such consideration might have effected the outcome of the disability decision. *See Bernal v. Bowen*, 851 F.2d 297, 303 (10th Cir. 1988); *Zagorianakos v. Colvin*, 81 F.Supp.3d 1036, 1044 n.9 (D. Colo. 2015). Moreover, nothing in the ALJ's opinion overall gives the court reason to doubt his assertion that he in fact did consider all such impairments in reaching his determination. (Tr. 35-36.) *See Hackett v. Barnhart*, 395 F.3d 1168, 1173 (10th Cir.

2005) ("[O]ur general practice ... is to take a lower tribunal at its word when it declares that it has considered a matter.").

Plaintiff's allegations of error at step three fare little better. He offers no argument or evidence suggesting how his impairments, either singly or in combination, might be thought to be medically equivalent to a listing (a medical determination in any event, which perforce precludes his request for a directed award of benefits on that basis). *See* **Social Security Ruling** 96-6p, 1996 WL 374180 at *3 (SSA July 2, 1996); *Carbajal v. Astrue*, 2011 WL 2600984 at *2 (D. Colo. June 29, 2011). Similarly, plaintiff neglects to demonstrate

less, I concur with plaintiff that the ALJ erred by finding him capable of performing his past relevant work without considering whether his was a composite job. I thus remand for further consideration of that discrete issue.

At the hearing, the vocational expert classified plaintiff's past relevant work as "owner/manager nut processing," a skilled, medium occupation. (Tr. 99.) However, based on plaintiff's testimony that he spent 50 to 75 percent of his day "[m]aking deals to buy the nuts and also making deals to ... my customers" (Tr. 99), the expert classified that aspect of the job as that of "product broker," a typically sedentary occupation (Tr. 100). When posed a hypothetical that essentially mimicked the ALJ's ultimate residual functional capacity assessment, the vocational expert testified that such restrictions would preclude the owner/manager job as a whole, but not the product broker portion of the job. (Tr. 100-101.) The ALJ concluded plaintiff was capable of performing the job of product broker, both as he actually performed it and as generally performed in the national economy, and thus found plaintiff not disabled at step four of the sequential evaluation. (Tr. 40.)

This conclusion is infirm, however, because plaintiff's past relevant work did not consist solely of the responsibilities associated with the job of product broker. For in addition to the sedentary tasks encompassed by that aspect of the job, plaintiff spent the remaining 25 to 50 percent of each day performing medium exertion work, lifting 25-50 pound boxes and loading trucks. (Tr. 98-99, 102.) The question thus arises whether plaintiff's job should have been considered and analyzed as a "composite job."

"[C]omposite jobs have significant elements of two or more occupations and, as such, have no counterpart in the DOT." **Social Security Ruling** 82-61, 1982 WL 31387 at *2 (SSA 1982). According to the Commissioner's Program Operations Manual System ("POMS"),[4]

Composite jobs have significant elements of two or more occupations and as such, have no counterpart in the DOT [**Dictionary of Occupational Titles**].

If you can accurately describe the main duties of PRW [past relevant work] only by considering multiple DOT occupations, the claimant may have performed a composite job.

If you determine that PRW was a composite job, you must explain why.

When comparing the claimant's RFC [residual functional capacity] to a composite job as it was performed, find the claimant capable of performing the composite job only if he or she can perform all parts of the job.

A composite job will not have a DOT counterpart, so do not evaluate it at the part of step 4 considering work "as generally performed in the national economy."

---

how the ALJ's alleged failure to account for plaintiff's non-severe mental impairments was more than harmless error, especially when there is no evidence that plaintiff sought or received any type of treatment for this alleged impairment during the relevant time period. Plaintiff's reports of his alleged symptoms are not sufficient to establish the existence of a medically determinable impairment, *see* 20 C.F.R. § 404.1508, and the ALJ thus was not obliged to consider those allegations further,

*see* ***Mushero v. Astrue,*** 384 Fed.Appx. 693, 695 (10th Cir. 2010).

4. The POMS is "a set of policies issued by the Administration to be used in processing claims." ***McNamar v. Apfel,*** 172 F.3d 764, 766 (10th Cir. 1999). The court "defer[s] to the POMS provisions unless [it] determine[s] they are 'arbitrary, capricious, or contrary to law.'" ***Ramey v. Reinertson,*** 268 F.3d 955, 964 n.2 (10th Cir. 2001) (quoting ***McNamar,*** 172 F.3d at 766).

POMS DI 25005.020, Section B (available at https://secure.ssa.gov/poms.nsf/lnx/0425005020) (last accessed October 25, 2016). The ALJ thus must consider the functional demands of each part within a composite job. Where such a job is at issue, a step four determination will be supported only if substantial evidence shows the plaintiff can perform the requirements of all the component jobs. *See Shealy v. Colvin*, 2015 WL 467726 at *12 (D.S.C. Feb. 4, 2015); *Henson v. Colvin*, 2014 WL 1154275 at *4 (E.D. La. Mar. 14, 2014); *Roberts v. Astrue*, 2009 WL 722550 at *3 (M.D. Fla March 18, 2009).

Here, although plaintiff's description of his job and the vocational expert's assessment thereof clearly raised the possibility that plaintiff's past relevant work was a composite job, the ALJ neither acknowledged or discussed that issue. Instead, he focused on and found plaintiff's capable of performing only the least demanding aspects of his past relevant work. This constitutes reversible legal error. *Valencia v. Heckler*, 751 F.2d 1082, 1086 (9th Cir. 1985) ("To classify an applicant's 'past relevant work' according to the least demanding function of the claimant's past occupations is contrary to the letter and spirit of the Social Security Act."). *See also Roberts*, 2009 WL 722550 at *3 n.3; *Armstrong v. Sullivan*, 814 F.Supp. 1364, 1372 (W.D. Tex. 1993); *Taylor v. Bowen*, 664 F.Supp. 19, 22–23 (D. Me. 1987).

■ Nor was such error harmless. The ALJ determined plaintiff had the residual functional capacity for light work, clearly precluding the medium operator/manager job as he actually performed it.[5] That de-

termination alone would entitle plaintiff to a finding of disability, since the very nature of a composite job precludes consideration of such work as it is generally performed in the national economy. *See* POMS DI 25005.020, Section B.

Remand thus is plainly required. Because it is the province of the ALJ to consider these matters in the first instance, however, I find this case does not represent an appropriate circumstance for the exercise of my discretion to direct an award benefits.[6] *See Nielson v. Sullivan*, 992 F.2d 1118, 1122 (10th Cir. 1993).

### IV. ORDERS

**THEREFORE IT IS ORDERED** as follows:

1. That the conclusion of the Commissioner through the Administrative Law Judge that plaintiff was not disabled is reversed;

2. That this case is remanded to the ALJ, who is directed to consider whether plaintiff's past relevant work constituted a composite job as set forth in this opinion, and to reassess the disability determination; and

3. That plaintiff is awarded his costs, to be taxed by the clerk of the court pursuant to Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1 and 28 U.S.C. § 2412(a)(1).

---

5. The Commissioner's suggestion that the error was harmless because plaintiff testified the product broker responsibilities of his job encompassed as much as a full eight-hour workday is overly facile. Plaintiff's past relevant work as he actually performed it consisted of twelve- to sixteen-hour days, and there is nothing in the record to substantiate a conclusion that any discrete product broker jobs exist in the local or national economies, such as might sustain an alternative step five finding.

6. By this decision, I do not find or imply that plaintiff is or should be found to be disabled.