FILED
United States Court of Appeals
Tenth Circuit

June 24, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

JAMES E. MUSHERO,

      Plaintiff-Appellant,

v.

MICHAEL J. ASTRUE, Commissioner
of the Social Security Administration,

      Defendant-Appellee.

No. 09-5164
(D.C. No. 4:08-CV-00136-TLW)
(N.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **HOLMES**, Circuit Judge**, BRORBY**, Senior Circuit Judge, and **EBEL**, Circuit Judge**.**

---

James E. Mushero appeals the district court's order affirming the

Commissioner's denial of his Title II application for a period of disability and

disability benefits and his Title XVI application for supplemental security

income. We have jurisdiction under 28 U.S.C. § 1291 and 42 U.S.C. § 405(g).

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Because the Commissioner erred in assessing Mr. Mushero's residual functional capacity (RFC), and therefore the denial of benefits is not supported by substantial evidence, we reverse and remand for further proceedings.

*Background*

Mr. Mushero claims disability resulting from HIV infection, back and neck problems, depression, and other impairments. In evaluating his application for benefits, the ALJ applied the familiar five-step benefits determination process. *See generally Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009). At step one, he found that Mr. Mushero had not engaged in substantial gainful activity since his amended alleged onset date (December 17, 2003). At step two, the ALJ determined that he had several severe impairments (HIV infection, early degenerative disk disease of the lumbar spine with mild scoliosis, degenerative disk disease of the cervical spine without herniation, and asymptomatic bilateral inguinal hernias). The ALJ further concluded that other alleged impairments (hyperlipidemia, substance abuse, and depression) were not severe.

At step three, the ALJ found that none of the impairments or a combination of impairments met or equaled any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. The ALJ then assessed Mr. Mushero's RFC, and, at step four, determined that (1) he could perform a range of sedentary work so long as he avoided exposure to infections, but (2) he could not perform his past relevant work as a soldier and a truck driver. Concluding that his RFC allowed

him to perform a significant number of jobs in the national economy, such as order clerk and assembler, the ALJ found Mr. Mushero not disabled at step five and denied his application for benefits. The Appeals Council denied review, making the ALJ's decision the final agency decision. The district court affirmed, and Mr. Mushero now appeals to this court.

*Analysis*

"We review the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It requires more than a scintilla, but less than a preponderance." *Wall*, 561 F.3d at 1052 (quotation omitted). "Although we will not reweigh the evidence or retry the case, we meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Id.* (quotations omitted).

Mr. Mushero argues that the Commissioner did not satisfy his burden at step five, because the hypothetical questions submitted to the vocational expert (VE) did not "relate with precision" all of Mr. Mushero's impairments, particularly his depression. *Hargis v. Sullivan*, 945 F.2d 1482, 1492 (10th Cir. 1991) (quotation omitted). Mr. Mushero also contends that the ALJ erred in

weighing the opinion of his treating psychiatrist and in evaluating his credibility. The first argument is dispositive of this appeal.

When confronted with a claim of mental impairment, the ALJ must apply a "special technique." *See* 20 C.F.R. §§ 404.1520a, 416.920a. Under this technique, once a claimant has established a medically determinable mental impairment, the ALJ must "rate the degree of functional limitation resulting from the impairment(s)." *Id.* §§ 404.1520a(b)(2), 416.920a(b)(2). The ALJ does this by rating the claimant's limitations in "four broad functional areas," which are "[a]ctivities of daily living; social functioning; concentration, persistence, or pace; and episodes of decompensation." *Id.* §§ 404.1520a(c)(3), 416.920a(c)(3). The ALJ then uses the functional-limitation ratings to determine the severity of the mental impairment(s). *Id.* §§ 404.1520a(d), 416.920a(d). To document the application of the special technique, the ALJ's "written decision must incorporate the pertinent findings and conclusions based on the technique. . . . The decision must include a specific finding as to the degree of limitation in each of the functional areas . . . ." *Id.* §§ 404.1520a(e)(2), 416.920a(e)(2).

It is clear that Mr. Mushero's depression was a medically determinable mental impairment. The ALJ, however, did not follow the special technique. He recognized the existence of an impairment, but he assessed its severity without first making the required findings regarding limitations in each of the four broad functional areas. He discounted the opinions of the treating psychiatrist, giving

her assessments of moderate and/or marked limitations "very little weight."[1] Admin. R. at 25. But he did not discuss the only other medical opinion concerning mental limitations, which was an agency psychiatrist's assessment that Mr. Mushero had mild limitations on social functioning and on maintaining concentration, persistence, or pace. *See id.* at 353. Ultimately, the decision does not reflect what limitations, if any, the ALJ found in connection with the depression.

The failure to follow the special technique underlies Mr. Mushero's argument that the ALJ failed to include any mental limitations in the hypothetical questions posed to the VE. Because the ALJ never made any findings regarding functional limitations, there is no basis to determine what limitations should have been included in the hypothetical questions. And we cannot consider the error harmless. Even if an impairment is not severe, it does not become irrelevant. *All* medically determinable impairments, including non-severe impairments, must be taken into account in assessing a claimant's RFC. *See* 20 C.F.R. §§ 404.1545(a)(2), 416.945(a)(2). "While a 'not severe' impairment(s) standing alone may not significantly limit an individual's ability to do basic work

---

[1] In light of our decision to remand, we need not separately address Mr. Mushero's argument about the weight the ALJ gave to the treating psychiatrist's assessments. We note, however, that it is not clear that the record supports each reason the ALJ gave for discounting those assessments. On remand, the ALJ should ensure that any reasons for discounting the treating psychiatrist's opinion are supported in the record.

activities, it may–when considered with limitations or restrictions due to other impairments–be critical to the outcome of a claim." Soc. Sec. Rul. 96-8P, 1996 WL 374184, at *5 (July 2, 1996). "Testimony elicited by hypothetical questions that do not relate with precision all of a claimant's impairments cannot constitute substantial evidence to support the [Commissioner's] decision." *Hargis*, 945 F.2d at 1492 (alteration and quotation omitted); *see also Evans v. Chater*, 55 F.3d 530, 532 (10th Cir. 1995) (stating that the ALJ's hypothetical questions "must include all (and only) those impairments borne out by the evidentiary record").

The Commissioner suggests that the ALJ found no work-related limitations from Mr. Mushero's depression, but this conclusion is not supported by the record. The ALJ only went so far as to find no "significant" limitations. *See* Admin. R. at 21 ("[T]he record reflects that the claimant's symptoms have not significantly interfered with his daily activities[.]"); *see also id.* at 25 ("[T]he record does not reflect that the claimant's treating or examining physicians have placed any significant limitations or restrictions on his activities."). These statements track the definition of a non-severe impairment, *see* 20 C.F.R. §§ 404.1521(a), 416.921(a), but they are not the same as explicitly finding *no* limitations. Further, the agency psychiatrist assessed limitations. The ALJ did not discuss this opinion, and he neither included the assessed limitations in the RFC determination and the hypothetical questions nor explained why he rejected

them. Under these circumstances, we cannot conclude that the agency applied the correct legal standards or that the decision is supported by substantial evidence.[2]

### *Conclusion*

The judgment of the district court is REVERSED and REMANDED with instructions to remand to the Commissioner for further proceedings.

Entered for the Court


Wade Brorby
Senior Circuit Judge

---

[2] Mr. Mushero also complains that the ALJ did not include a reaching limitation in the hypothetical question, even though the medical expert testified to the existence of a reaching limitation. Because the testimony he relies upon appears to be an inaccurate summary of prior testimony, we do not consider the omission of a reaching limitation to be reversible error. But the ALJ may address this issue on remand as appropriate.